UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES P. VANDER SALM and<br>JESSICA T. VANDER SALM, as Trustees<br>of the Judith P. Vander Salm Irrevocable Trust,<br>and JUDITH P. VANDER SALM<br><br>          Plaintiffs,<br><br>          v.<br><br>BAILIN & ASSIOCIATES, INC., the<br>SALISBURY HILL CONDOMINIUM TRUST,<br>PETER T. KARASSIK, individually,<br>JOHN L. MACKOUL, individually,<br>THOMPSON-LISTON ASSOCIATES, INC.,<br>PATRICK J. HEALY, individually,<br>ROTTI CONSTRUCTION COMPANY, INC.,<br>WALTER J. ROTTI, individually, ECOTEC INC.,<br>and PAUL J. MCMANUS, individually,<br><br>          Defendants. | **CIVIL ACTION<br>NO. 11-40180-TSH** |

**MEMORANDUM OF DECISION ON DEFENDANTS ECOTEC, INC.'S AND PAUL J.
MCMANUS' MOTION FOR SUMMARY JUDGMENT (Docket No. 180) AND PARTIAL
CONCURRENCE AND JOINDER (Docket No. 179)**
**March 18, 2014**

HILLMAN, D.J.

## Introduction

James P. Vander Salm and Jessica T. Vander Salm, as Trustees of the Judith P. Vander Salm Irrevocable Trust, and Judith P. Vander Salm (collectively "Plaintiffs") filed a Complaint against Ecotec, Inc. ("Ecotec") and Paul J. McManus ("McManus") (collectively "Defendants") for negligence (Count III), continuing trespass (Count V), and continuing nuisance (Count VI).

Defendants have moved for summary judgment on all counts in Defendants Ecotec, Inc.'s and Paul J. McManus' Motion for Summary Judgment (Docket No. 180). Defendants have also filed a Partial Concurrence and Joinder in the Motion for Summary Judgment of Defendants Bailin and Associates, Inc., Peter T. Karassik, John L. MacKoul, Thompson-Liston Associates, Inc., Patrick J. Healy, Rotti Construction Company, Inc., and Walter R. Rotti (hereinafter "Co-Defendants") (Docket No. 179). In their Motion for Joinder, Defendants adopt and incorporate by reference the arguments made in the Memorandum of Law in Support of Defendants' Motion for Summary Judgment (Docket No. 162) in Sections I, II, III, IV, VI, VII, XI, XII, and XIII, adopt and incorporate the Concise Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment (Docket No. 163), and ask this Court to enter summary judgment in favor of Defendants to the extent it enters summary judgment in favor of the Co-Defendants. For the reasons set forth below Defendants' motion for summary judgment is granted in part and denied in part, and Defendants' partial concurrence and joinder is granted.

## Background

This case involves a pond (the "Pond") located south of Whisper Drive, behind and partially on property owned by the Vander Salm Trust at 655 Salisbury Street Worcester, Massachusetts (the "Vander Salm Property"). Plaintiffs claim that Defendants are, in part, responsible for releases of silt/sediment into stormwater runoff that migrates to the Pond, and that this silt or sediment has caused the growth of choking algae and weeds in the Pond.

Judith P. Vander Salm is the sole resident of the Vander Salm Property. She acquired it in 1981 and conveyed it to the Vander Salm Trust in 2011. A portion of the Pond is on that land and Plaintiffs also hold an easement for recreational use of the entire Pond. They also have an easement to maintain the dam that controls the Pond's water level, and an easement to garden on

certain parts of the Pond's perimeter. The Pond is fed by a stream that first leads to a pond north of Whisper Drive (the "North Pond") and connects to the Pond by a culvert under Whisper Drive. Plaintiffs claim that the discharge of sediment and other pollutants into the Pond has greatly diminished Plaintiffs' recreational uses of the Pond.

In 2000, Bailin & Associates ("Bailin") purchased approximately 86 acres of land to the west of Salisbury Street located at 757 Salisbury Street (the "Salisbury Hill Property"), where it planned to construct of a Continuing Care Retirement Community. In 2001, Bailin hired Thompson-Liston Associates, Inc. ("TLA") to perform design engineer services for the development of the Salisbury Hill Property, including designing an erosion control program and storm water management system. TLA designed the stormwater treatment and collection system and prepared an Erosion and Sedimentation Control Program and a Drainage Structure Operation & Maintenance Program.

In 2003, Bailin retained EcoTec to provide wetlands consulting services to Bailin with respect to the Salisbury Hill Property, including inspection and monitoring services. McManus is the owner and President of EcoTec, and beginning in March 2003 conducted monitoring, inspections, and other tasks necessary to enable EcoTec to provide certain information and recommendations to Bailin regarding the prevention, minimization or mitigation of possible impacts to jurisdictional wetland resources at the Salisbury Hill construction site resulting from possible erosion or sedimentation migration.

Defendant Water R. Rotti of Rotti Construction Company, Inc. ("RCC") installed and maintained erosion control components at the Salisbury Hill Development including silt fences and hay bales. This installation and maintenance was done by RCC under the direction of Bailin, and were not the responsibility of EcoTec or MacManus.

**Discussion**

*Motion for Joinder*

Plaintiffs do not object to Defendants' Partial Concurrence and Joinder to the extent the arguments Defendants seek to adopt are relevant and not specific to the Co-Defendants. The Partial Concurrence and Joinder is granted to this extent.

*Summary Judgment Standard of Review*

Summary judgment is appropriate when "there is no genuine issue as to any material fact" and thus "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" when the evidence is such that a reasonable fact-finder could resolve the point in favor of the non-moving party, and a fact is "material" when it might affect the outcome of the suit under the applicable law. *Morris v. Gov't Dev. Bank*, 27 F.3d 746, 748 (1st Cir.1994). The moving party is responsible for "identifying those portions [of the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1968). It can meet its burden either by "offering evidence to disprove an element of the plaintiff's case or by demonstrating an 'absence of evidence to support the non-moving party's case.'" *Rakes v. U.S.*, 352 F. Supp. 2d 47, 52 (D. Mass. 2005) (quoting *Celotex*, 477 U.S. at 4). The non-moving party bears the burden of placing at least one material fact into dispute after the moving party shows the absence of any disputed material fact. *Mendes v. Medtronic*, Inc., 18 F.3d 13, 15 (1st Cir.1994) (discussing *Celotex*, 477 U.S. at 325). When ruling on a motion for summary judgment, the court must construe the facts in the light most favorable to the non-moving party. *Benoit v. Tech. Mfg. Corp.*, 331 F.3d 166, 173 (1st Cir. 2003).

*Negligence*

As this Court explained in its Memorandum of Decision on Defendant's Motion for

Summary Judgment and Plaintiff's Motion for Partial Summary Judgment (Docket No. 228), Plaintiffs' negligence claim is time barred, as it was not brought within three years after the cause of action accrued. M.G.L. c. 260 § 2A. ("Except as otherwise provided, actions of tort…shall be commenced only within three years next after the cause of action accrues."). This applies to Defendants just as it did to the Co-Defendants that were the subject of that Memorandum of Decision. Summary judgment is therefore granted in favor of Defendants on Count III.

*Continuing Trespass*

Count V of Plaintiffs' Amended Complaint alleges continuing trespass and claims each Defendant is liable for its part in causing repeated discharges of sediment into the Pond. Defendants have adopted the relevant arguments regarding trespass made by the Co-Defendants in their Memorandum of Law in Support of Defendants' Motion for Summary Judgment (Docket No. 162). Specifically, that the defendants who did not own or control the site cannot be liable for trespass and that Plaintiffs cannot show a trespass was committed because they cannot prove any sediment in the Pond originated from the Salisbury Hill Property.

This Court was not persuaded by either argument. Trespass liability is not based on ownership or control, rather, any person who "sets in motion a force which, in the usual course of events, will damage the property of another is guilty of a trespass on such property." *Sheppard Envelope Co. v. Arcade Malleable Iron Co.*, 335 Mass. 180, 187, 138 N.E.2d 777, 782 (1956). Here, there is a question of fact whether Defendants' actions were partially responsible for causing discharges of sediment into the Pond. The summary judgment record shows that EcoTec and MacManus may have misguided Bailin regarding the discharge of sediment, which could have contributed to the continuing trespass.

Moreover, this Court found the summary judgment record contains evidence, including videos that show sediment being discharged from the Salisbury Hill Property and flowing down to the Pond, and the brown condition of the Pond after such events, testimony from James P. Vander Salm and Judith P. Vander Salm regarding observing silt-laden stormwater being discharged from Salisbury Hill, flowing into the stream that feed the Pond, and turning the Pond brown with suspended silt for days, Plaintiffs' testimony that the algae was not present prior to these sediment discharges, and Plaintiffs' expert's opinion that the weed and algae growth in the Pond has been caused by alien sediment, that could lead a reasonable jury to find that a trespass had been committed. Summary judgment is denied on Count V.

*Continuing Nuisance*

Count VI alleges that each Defendant is liable in nuisance for its part in creating, maintaining, and permitting the deficient erosion and sediment controls at Salisbury Hill, which resulted in damaging discharges of sediment to the Pond. Again, Defendants have adopted the relevant arguments regarding nuisance made by the Co-Defendants in their Memorandum of Law in Support of Defendants' Motion for Summary Judgment (Docket No. 162). Specifically, that the defendants who did not own or control the site cannot be liable for nuisance and that Plaintiffs cannot prove nuisance because they cannot show any sediment in the Pond originated from the Salisbury Hill Property. The latter argument has been dispatched with above.

Unlike liability for trespass, liability for nuisance does require some control over the property, "either through ownership or otherwise." *Belanger v. Com.*, 41 Mass. App. Ct. 668, 670, 673 N.E.2d 56, 58 (1996) overruled on other grounds by *Morrissey v. New England Deaconess Ass'n--Abundant Life Communities, Inc.*, 458 Mass. 580, 940 N.E.2d 391 (2010) (internal quotations omitted). Defendants owned neither the Salisbury Hill Property nor any of

the instrumentality used in the site's erosion and sediment controls. Moreover, Plaintiffs do not point to any facts showing Defendants had any measure of control over the property. Instead, the record shows Defendants were hired as consultants and responsible only for inspecting and monitoring the site for the purpose of advising Bailin of potential areas of erosion and sedimentation impact. Without any measure of control over the property, Defendants cannot be liable for nuisance, and summary judgment is therefore granted on Count VI.

## **Conclusion**

For the reasons set forth above, Defendants' Motion for Summary Judgment (Docket No. 180) is **granted** in part and **denied** in part. Summary judgment is **granted** in favor of Defendants on Counts III and VI. Summary judgment is **denied** on Count V. Defendants' Partial Concurrence and Joinder (Docket No. 179) is **granted**.

SO ORDERED.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE