IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| JAMES P. VANDER SALM and<br>JESSICA T. VANDER SALM, as Trustees<br>of the Judith P. Vander Salm Irrevocable Trust,<br>and JUDITH P. VANDER SALM,<br><br>      Plaintiffs,<br><br>v.<br><br>BAILIN & ASSOCIATES, INC.,<br>the SALISBURY HILL CONDOMINIUM TRUST,<br>PETER T. KARASSIK, individually,<br>JOHN L. MACKOUL, individually,<br>THOMPSON-LISTON ASSOCIATES, INC.,<br>PATRICK J. HEALY, individually,<br>ROTTI CONSTRUCTION COMPANY, INC.,<br>WALTER R. ROTTI, individually,<br>ECOTEC, INC.,<br>and PAUL J. MCMANUS, individually,<br><br>      Defendants. | CIVIL ACTION NO.<br>4:11-cv-40180-TSH |

PLAINTIFFS' MOTION *IN LIMINE*
TO PRECLUDE EVIDENCE OF TAX-ASSESSED
VALUE OF VANDER SALM PROPERTY

Plaintiffs hereby move to preclude any evidence at trial concerning, and any reference to, the City of Worcester's tax valuation of Plaintiffs' property at 655 Salisbury Street in Worcester. Defendants have indicated their intent to offer evidence of such valuation, presumably because they believe it relevant to the diminution in value of the property that has occurred as a result of the degradation of Plaintiffs' pond.

For two reasons, the tax valuation of Plaintiffs' property is irrelevant to this case. Fed. R. Evid. 401. First, Plaintiffs are not requesting damages for diminution in property value. They are requesting damages for the restoration of their property, and for loss of

use and enjoyment of their property during the period that it has been damaged.  Second, the City of Worcester's tax assessor obviously has not factored the degradation of Plaintiffs' pond into its valuation of the property.  The valuation is thus meaningless as a measure of the actual degree to which the property's market value has been diminished.  If, on the other hand, the Defendants were offering the tax valuation to show the property's undiminished value—that is, before taking into account the degradation of the pond—they would still lack a point of comparison, in terms of valuing the property in its degraded condition.

For the foregoing reasons, Plaintiffs request a Court Order that no evidence be offered concerning, and no reference made to, the City of Worcester's tax valuation of Plaintiffs' property.

Should this motion be granted, Plaintiffs request that the Court direct counsel to specifically instruct all parties and witnesses that they may not refer to the property's tax valuation.

>Respectfully submitted by the Plaintiffs,
>
>JAMES P. VANDER SALM,
>JESSICA T. VANDER SALM,
>and JUDITH P. VANDER SALM
>
>By their Attorneys:
>
>/s/ James P. Vander Salm
>James P. Vander Salm, Esq. (BBO# 663320)
>Murphy & Vander Salm LLP
>46 Wachusett Street
>Worcester, MA  01609
>tel.: (508) 425-6330 ext. 203
>fax: (508) 762-1320
>vandersalm@mvsllp.com
>
>/s/ Brian E. Murphy

2

Brian E. Murphy, Esq. (BBO # 666238)  
Murphy & Vander Salm LLP  
46 Wachusett Street  
Worcester, MA  01609  
tel.: (508) 425-6330 ext. 202  
fax: (508) 536-0834  
murphy@mvsllp.com

Dated: June 9, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2014, I filed this document with the Court's ECF system. This will cause an electronic notice of such filing to be sent to counsel for all parties in this case, which notice shall constitute service upon those parties.

/s/ James P. Vander Salm  
James P. Vander Salm