IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| JAMES P. VANDER SALM and <br> JESSICA T. VANDER SALM, as Trustees <br> of the Judith P. Vander Salm Irrevocable Trust, <br> and JUDITH P. VANDER SALM, <br><br> Plaintiffs, <br><br> v. <br><br> BAILIN & ASSOCIATES, INC., <br> the SALISBURY HILL CONDOMINIUM TRUST, <br> PETER T. KARASSIK, individually, <br> JOHN L. MACKOUL, individually, <br> THOMPSON-LISTON ASSOCIATES, INC., <br> PATRICK J. HEALY, individually, <br> ROTTI CONSTRUCTION COMPANY, INC., <br> WALTER R. ROTTI, individually, <br> ECOTEC, INC., <br> and PAUL J. MCMANUS, individually, <br><br> Defendants. | CIVIL ACTION 4:11-cv-40180-TSH |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO
PRECLUDE EVIDENCE OF TAX-ASSESSED VALUE
OF VANDER SALM PROPERTY**

The Defendants, Bailin & Associates, Inc., Peter T. Karassik, John L. MacKoul, Thompson-Liston Associates, Inc., Patrick J. Healy, Rotti Construction Company, Inc. and Walter R. Rotti ("Defendants") hereby oppose Plaintiffs' Motion *in Limine* to Preclude Evidence of Tax-Assessed Value of Vander Salm Property. Plaintiffs seek to exclude any evidence at trial concerning the City of Worcester's tax valuation of Plaintiffs' property (the "Property"). Pls.'s Mot. at 1. Plaintiffs state that this evidence should be precluded under Federal Rule of Evidence 401 because Plaintiffs are not seeking damages for diminution of value for their property and because the City of Worcester allegedly has not factored the degradation of the Plaintiffs pond

into the Property value. Neither of Plaintiffs' contentions speak to why Defendants intend to enter the tax assessment of the Property as evidence. Rather, Defendants will rely on the tax assessment to show that Plaintiffs' alleged restoration costs are unreasonable based on Plaintiffs' claims.

Plaintiffs are seeking damages for trespass and nuisance. They have retained an expert witness to generate cost estimates to dredge an estimated one-foot depth of sediment from the Pond, for an estimated total of 1200 cubic yards. Plaintiffs expert has opined that the total engineering and construction costs to dredge the Pond are between $464,875 and $724,875.  See Exhibit A ("Preliminary Hydraulic Dredging Cost Estimate"). Yet Plaintiffs have not shown that the purported restoration costs are not grossly disproportionate to the value of the Property. Indeed, the Plaintiffs' entire Property is assessed at *less* than the repair costs Plaintiffs allege are necessary to enjoy their recreational easement to the Pond.  See Exhibit B (City of Worcester Assessor's Office records, valuing the Property at $373,800 for 2014).

While certain federal and state environmental statutory schemes might impose "clean-up" costs without regard to a property's market value,[1] the common law imposes a requirement of reasonableness before awarding restoration costs and does not create an exception to the general prohibition against economic waste merely because a claim involves alleged pollution. Massachusetts cases addressing alleged damages to property consistently impose a requirement of reasonableness, relying in part on the Restatement (Second) of Torts § 929 (Harm to Land from Past Invasions). See, e.g., Trinity Church in City of Boston v. John Hancock Mut. Life Ins.

---

[1] Cf. Allgood v. General Motors Corp., 2006 WL 2669337 *21-22, Civil Action No. 102CV1077DFHTAB (S.D. Ind., Sept. 18, 2006), and cases cited (noting that "[t]hose [federal and state statutory] laws show a distinct preference for restoration of contaminated property, so that remediation may be ordered even when it exceeds the current fair market value of uncontaminated property," and holding instead that diminution in value was appropriate measure of damages for land with residual PCB-contamination where "cost of restoring the land to its original condition would be grossly disproportionate to any change in the value of the land.")

2

Co., 399 Mass. 43, 49-50, 502 N.E.2d 532, 536 (1987) (holding that "Where expenditures to restore or to replace to predamage condition are used as the measure of damages, a test of reasonableness is imposed" and citing Rest. (2d) Torts § 929); Wyman v. Ayer Properties, LLC, 83 Mass. App. Ct. 21, 979 N.E.2d 782, 791 (2012) (same), Clean Harbors Environmental Services, Inc. v. Boston Basement Technologies, 75 Mass. App. Ct. 709, 916 N.E.2d 406, 411-412 (Mass. App. Ct. 2009) (same, imposing reasonableness test in action involving oil spill).

> In pertinent part, the Restatement (Second) of Torts § 929 reads:
>
> (1) If one is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction of value, the damages include compensation for:
>
> (a) the difference between the value of the land before the harm and the value after the harm, or at his election *in an appropriate case, the cost of restoration that has been or may be reasonably incurred*,
>
> (b) the loss of use of the land, and
>
> (c) discomfort and annoyance to him as an occupant.

Restatement (Second) of Torts § 929 (1979) (emphasis added). While § 929(1)(a) allows a plaintiff to elect to receive restoration costs "in an appropriate case," comment (b) emphasizes the requirement of reasonableness, stating that if "the cost of replacing the land in its original condition is disproportionate to the diminution in the value of the land caused by the trespass, unless there is a reason personal to the owner for restoring the original condition,[2] damages are measured only by the difference between the value of the land before and after the harm."

Accordingly, only *reasonable* restoration costs – i.e. those repair costs that are less than the diminution in value – are recoverable for alleged damages in nuisance or trespass actions such as the present case. See, e.g., Clean Harbors Environmental Services, 75 Mass. App. Ct. at

---

[2] Judith Vander Salm, the Property's sole resident, testified in her deposition that she has never swum or fished in the pond. See Exhibit C, Excerpt of Jan. 21, 2013 Deposition Judith Vander Salm, pp. 21, 45. Thus, Plaintiffs cannot present a convincing argument that they have a personal reason for dredging sediment from the Pond.

3

714-715 ("When property has been damaged by the release of oil, a test of reasonableness is applied to determine whether diminution in market value or restoration is the appropriate measure of tort damages") (citations omitted); Black v. Coastal Oil New England, Inc., 45 Mass. App. Ct. 461, 465-66, 699 N.E.2d 353, 355-56 (1998) (applying common law rule requiring determination of whether damages are measured by diminution in value or reasonable repair costs, in action for recovery of environmental cleanup costs under M.G.L.A. c. 21E, § 5); cf. Allgood v. General Motors Corp., 2006 WL 2669337 at *25 ("GM is entitled to summary judgment on any claim by plaintiffs for the cost of restoring their property to the condition it was in prior to contamination, beyond the conditions to be achieved by the government-ordered clean-up that GM has undertaken, and in excess of the market value of the property in the absence of any contamination.")

Accordingly, evidence of the City of Worcester's tax-assessed value of the property is relevant evidence that should be admitted at trial. Plaintiffs' motion seeking to exclude this evidence should be denied.

**WHEREFORE**, for the reasons set forth above, the Defendants respectfully request that this Court:

1. Deny Plaintiffs' Motion;
2. Grant such other relief as it deems just.

Respectfully submitted,
Defendants,
BAILIN & ASSOCIATES, INC.,PETER KARASSIK, JOHN MACKOUL,ROTTI CONSTRUCTION, WALTER ROTTI,THOMPSON-LISTON ASSOCIATES and PATRICK HEALY,
By their attorneys,
/s/ *Catherine A. Bednar*
Jeffrey L. Alitz, Esq. (BBO# 553741)
*Jeffrey.Alitz@leclairryan.com*
Catherine A. Bednar, Esq. (BBO#667394)
*Catherine.Bednar@leclairryan.com*
LeClairRyan, *A Professional Corporation*
One International Place, Eleventh Floor
Boston, Massachusetts 02110
617.502.8200 (telephone)
617.502.8201 (facsimile)

Joined by,
Defendants,
ECOTEC, INC., and
PAUL J. MCMANUS,
By their Attorney,
/s/ *Wesley J. Marshall*
Wesley J. Marshall, Jr., BBO #321580
wmarshall@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
617-439-7500

Dated: June 16, 2014

## CERTIFICATE OF SERVICE

I, Catherine A. Bednar, hereby certify that this document was filed through the ECF system and that notice will be sent electronically to all counsel of record on this 16th day of June, 2014.

*/s/ Catherine A. Bednar*

5